STATE, THOMAS CRAIG ET AL., PROSECUTORS, v. JAMES BRANDS ET AL.

1. The Court of Common Pleas may amend the return of a public road under the provisions of section 98 of the Road act.
2. Notice of the proceeding to amend given in the manner and for the time directed by that court, is sufficient.
3. By section 98 the court may restrict the amendment to certain particulars, or direct the mode in which the determination of the questions presented is to be reached by the surveyors, but the court cannot determine those questions or impose its determination on the surveyors.

4. Upon an amended return every person affected by new matter, inserted by the amendments, is entitled to relief by *caveat* or appeal in the same manner and for the same length of time as if the amended return were an original return filed at the time of the amendments; but no other person will be entitled to a renewed right of either *caveat* or appeal, by reason of the amendment of a return.

On *certiorari*.

Argued at June Term, 1884, before Justices VAN SYCKEL and MAGIE.

For the prosecutors, *N. Harris & L. De Witt Taylor.*

For the defendants, *Geo. A. Angle.*

The opinion of the court was delivered by

MAGIE, J. This *certiorari* brings up all the proceedings in laying out a public road. The greater part of these proceedings were once reviewed by this court, on *certiorari*, and no error was found therein except in one respect. That error was an award of damages for some lands taken to " the heirs of Thomas Craig, deceased." For that error the proceedings were remitted to the Common Pleas of Hunterdon county for correction. The opinion in that case is to be found in 16 *Vroom* 332, *Inhabitants of Oxford* v. *Brand*.

So much of the proceedings then considered and found not to be erroneous will not be reviewed.

Looking at the matters for the first time brought up by this writ, I find the first objection of prosecutors relates to two orders of the Common Pleas, each setting aside a return made by chosen freeholders appointed to review the action of the surveyors. These orders were the subject of objection in the previous case, but were not then considered because the writ in that case did not bring them before the court.

Defendants insist that they ought not now to be considered because as to them the writ was improvidently issued. The first order was made on December 7th, 1880, the second on

June 3d, 1881. The present writ was not allowed until January 2d, 1884. It is urged that by the express provisions of section 12 of the *Certiorari* act, this writ ought not to have been allowed to bring up these orders. This contention must prevail. The orders in question were made in a court of record and entered more than eighten months prior to the issue of this writ. After that lapse of time the section above cited declares that no writ shall issue to bring up such orders. In conformity with the imperative terms of that section I think this writ was improvidently allowed, so far as these orders are concerned. *Chamberlin* v. *Barclay*, 1 *Green* 244.

I shall therefore confine my consideration to such of these proceedings as were taken after the *remittitur* to the Common Pleas for correction in the respect in which they had been found erroneous.

The Common Pleas, after receiving the record remitted from this court, first set aside their order to record the return and directed that the matter should be proceeded with according to law.

The next order recited the proceedings, declared that the surveyors, return was defective in assessing $50 damages for lands taken to " the heirs of Thomas Craig, deceased," whereas damages should have been awarded to the owners of the lands, and directed the surveyors to meet at a time named, at the court-house in open court, to review their proceedings in said particular, and to amend said defect in their return in such manner as the court should by rule direct. It further provided that a copy thereof should be served on each surveyor at least six days prior to the time fixed for meeting, and that all parties interested should be duly notified of the proceedings by advertisements set up in certain places and within a time named in the order.

At the time and place named the surveyors met in open court and made the amendments in the manner hereinafter mentioned. It then appeared that notice of the meeting had been given in conformity with the requirements of the order.

It is contended by prosecutors that the order in this respect

was erroneous because made in conformity with the provisions of section 98 of the Road act, (*Rev., p.* 1013,) instead of the act of March 12th, 1874, (*Rev., p.*1018,) under which act it is insisted these amendments could alone have been made, if at all. It seems to have been held that the act of March 12th, 1874, co-exists with the provisions on the same subject contained in the revised Road act of March 27th, 1874, which took effect at the beginning of the following year. *Field* v. *Field*, 9 *Vroom* 290; *Kearsley* v. *Gibbs*, 15 *Vroom* 169. Upon these authorities the Common Pleas had a right to resort to the proceeding to amend, authorized by either act. Proceedings under section 98 are therefore unobjectionable. If the revised Road act, when it took effect, superseded the other act, then the proceedings were required to conform to section 98.

This result disposes of the next objection, which is that due notice of the proceeding to amend was not given. It is contended that personal notice should have been given. The act of March 12th, 1874, does not prescribe what notice shall be given. The Road act, in section 98, provides for notice, which is to be either personal or by advertisements, to be made in such manner or for such length of time as the court shall direct. Since the proceeding was correctly taken under section 98, the court had a right to prescribe the manner in which notice should be given. Where a statute provides for constructive notice by publication it supersedes the necessity of personal notice. *Boice* v. *Plainfield*, 9 *Vroom* 95. The notice in this case was given in conformity with the court's order, and was entirely sufficient.

The next objection is directed at the mode in which the surveyors' return was amended, which was as follows: At the time appointed the surveyors met in open court, and the court made an order, reciting the former order, the notice and proof of service and advertisement, and then proceeded to direct the surveyors to amend their return in the following particulars: first, by striking out " the heirs of Thomas Craig, deceased," and inserting in lieu thereof, " Lydia D. Craig,

widow of Thomas Craig, deceased, Robert Craig, Jr., William Craig, Lizzie Leida, wife of Charles Leida, John· J. Craig, Thomas Craig, Swayze J. Craig, James Milton Craig and Lillie Craig, children and heirs-at-law of Thomas Craig, deceased," and, second, by inserting after the word " damages " the following words, viz. " And we do direct the sum of $9.04 to be paid to Lydia D. Craig, as her share of the said sum of $50 ; and we direct the sum of $5.12 to be paid to Robert Craig, Jr., as his share of the said $50 ; and the sum of $5.12 to be paid to William Craig, as his share of the said $50 ; and the sum of $5.12 to be paid to Lizzie Leida, wife of Charles Leida, as her share of said $50 ; and the sum of $5.12 to be paid to John J. Craig, as his share of the said $50 ; and the sum of $5.12 to be paid to Thomas Craig, as his share of the said $50 ; and the sum of $5.12 to be paid to Swayze J. Craig, as his share of the said $50 ; and the sum of $5.12 to be paid to James Milton Craig, as his share of the said $50 ; and the sum of $5.12 to be paid to Lillie Craig, as her share of the said $50."

The amended return of the surveyors states that they made the amendments required in obedience to this order of the court.

It will be observed that this order withdrew from the consideration and determination of the surveyors the questions involved in the amendments. It made the surveyors mere instruments to register the determination of the court. Is such action in conformity with the requirements of section 98 ?

By that section authority is given to the court to direct the surveyors to review their proceedings and to supply omissions and amend defects in the map, return and assessment of damages, " in such particulars and in such mode as the said court shall, by rule of court, direct."

From this it is plain that the Common Pleas could restrict the amendment to be made by the surveyors to the particular matter which had been found to be erroneous, and might direct the mode in which the surveyors should determine the question presented. For example, the court could direct them

to determine who were the owners of the land taken in this instance and how much should be awarded to each of such owners therefor, and to amend the return in those particulars. But no authority was given by the section to the court to determine those questions or to impose its determination on the surveyors. If such was the intention of the act, the requirement that the surveyors should meet to make the amendment was superfluous.

In my judgment, therefore, the court in making the order of amendment exceeded its power. If the amended return could be construed as having been arrived at by the surveyors as a judgment and determination of their own, it might possibly be sustained. But it expressly states that it was done in obedience to the objectionable order of the court, and conforms to it in every particular. These proceedings are therefore erroneous, so far as the amendment is concerned, and cannot stand. But the whole proceedings will not thereby fail. They should be again remitted to the court below to be proceeded with according to law.

Two other objections of prosecutors involve questions that will doubtless again arise in the case.

These questions are, first, whether, after an amended return, a *caveat* may be filed and a review of the road by chosen freeholders be had, under the provisions of section 8 of the Road act, and second, whether, after an amended return, any person to whom damages were awarded may appeal from the award under the provisions of section 17 of that act.

The contention is that the amended return becomes in all respects a new return and must be considered as newly filed, so as to permit any person who thinks himself injured or aggrieved to *caveat*, and any land-owner dissatisfied with his award to appeal therefrom within the respective times fixed by those sections after the amendment.

I am not able to assent to this claim of prosecutors. Taking the whole act together, I think its true construction requires us to treat the amended return as a new return only

as respects new matter contained therein, but not as respects matter which remains unamended.

For if the amendment be trivial or formal, or one relating wholly to damages, it would be absurd to construe the act as justifying a new *caveat* by one who had previously had the opportunity to avail himself of that remedy, and who perhaps had availed himself of it. While if the amendment condemned other lands not previously covered by the original return, but omitted therefrom, it is impossible to conceive that the owner of such lands should be designed to be excluded from questioning the propriety and necessity of the condemnation.

In like manner if the amendment be only formal or relate solely to damages awarded to A, it could not be intended that thereby B, to whom damages were originally awarded, which remain unchanged, should be afforded a renewed right of appeal. While if the amendment affect the award to one person, or, as in the case in hand, make for the first time an award to land-owners, it is impossible to suppose that they were designed to be cut off from an appeal questioning the amount awarded.

My conclusion is that upon an amended return every person affected by new matter, inserted by the amendment, will be entitled to relief by *caveat* or appeal in the same manner and for the same length of time as if the amended return were an original return filed at the time of the amendments. No other person will become entitled to a renewed right of either *caveat* or appeal by the amendment of a return.